**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **MICHELLE VOWELL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.** |
| | ) | |
| **JAVITCH BLOCK PLC** | ) | |
| | ) | |
| **Defendant,** | ) | |

### JURY TRIAL DEMANDED

### COMPLAINT

NOW COMES the Plaintiff, Michelle Vowell ("Plaintiff") and her attorney, William M. Kaludis, Esq., for her Complaint against the Defendant, Javitch Block LLC ("Defendant").

### PRELIMINARY STATEMENT

This action arises out of violations of the **Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq**. ("FDCPA") by the Defendants, in their illegal efforts to collect consumer debts.

### II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under **28 U.S.C. § 1331**, and pursuant to **15 U.S.C. § 1692k (d)**.

2. Venue is proper in this District because the acts and transactions occurred here, and Plaintiff resides here.

1

### III. <u>PARTIES</u>

3.    Plaintiff, Michelle Vowell (hereinafter referred to as "Plaintiff"), is a natural person who resides in Anderson County, Tennessee, and is a "consumer" as that term is defined by **15 U.S.C. § 1692a (3)**.

4.    Defendant Javitch Block LLC, (hereinafter "Defendant") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6), and a for-profit  Limited Liability Company organized in  Ohio, with a principal place of business located at  1100 Superior Avenue, 19th Floor, Cleveland, OH 44114-2521, and may be served through its agent for service of process at Registered Agents Solutions Inc., 8992 Davidson Drive, Suite B, Nashville TN 37205-1051, as its registered agent for service of process.

5.    Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. <u>BACKGROUND ON FDCPA</u>

6.    The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties.  See **15 U.S.C. § 1692 et seq**.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, provides for specific consumer rights, and defines abuse.  15 U.S.C. § 1692(k).  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.  In particular, the FDCPA enumerates practices that are forbidden for debt collectors to take.

The gist of the FDCPA lies in three main prohibitions. First, a "debt collector many not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692(d). Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). Third, and finally, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692(f). Simply stated, this act was designed to protect consumers from debt collectors using unscrupulous tactics. Regardless as to whether a valid debt exists, the FDCPA prohibits unfair, unconscionable, and coercive collection methods, actions or conduct that harass, oppress, or abuse any debtor, and to shield consumers from false, deceptive, or misleading statements in connection with the collection of a debt.

## V. FACTUAL ALLEGATIONS

7. Defendant has alleged that the Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by **15 U.S.C. § 1692a (5)**, namely, a credit card originally owned or serviced by Citibank. The debts were sold to JH Debt Portfolio. Plaintiff hired Century Law Firm to act as her agent in settling her delinquent credit card accounts and defend her in court.

8. Soon after the debt was sold to JH Debt Portfolio, Plaintiff Michelle Vowell was sued on two accounts in Anderson County General Sessions Court. (Case No. 18-CV-0475 and Case No. 18-CV-0531.) Century Law Firm filed Answers and Sworn Denials on her behalf. The lawsuit was

3

filed by Lloyd and McDaniel, PLC, and on December 31, 2018, the cases settled. Each of the consent judgments had information that Michelle Vowell was represented by an attorney.

8. On August 22, 2019, Amy Eversole, Esq., of Lloyd and McDaniel filed a Motion for Plaintiff Name Change. A copy of the motion and proposed order was sent to Bill Kaludis (Counsel for Century Law Firm) No opposition was filed and at some point after August 22, 2019 the order was granted.

### *October 24, 2019 Collection Letter*

9. On October 24, 2019, Defendant sent a letter directly to Plaintiff despite that the fact that she was represented by Counsel.

10. In the October 24, 2019 letter, Defendant states that "The judgment balance was placed with us for legal action pursuant to a judgment rendered against you." This statement makes clear that the Defendant was aware that there was a judgment against Plaintiff and implies that Defendant had a copy of the judgments. Since the Defendant had copies of each of the judgments, they would have been aware that Plaintiff was represented by Counsel. The attorney of record did not consent to contact the Plaintiff directly, and the attorney of record was not unresponsive to the Defendant.

11. By communicating directly with the Plaintiff and not with her attorney of record on this case, Defendant Javitch Block's communication is directly in violation of **15 U.S.C. § 1692c(a)(2)**.

12. The Defendants failed to maintain (i.e., employ or implement) procedures to avoid errors under the FDCPA, during the collection of Plaintiff's alleged debt.

4

13. The above-detailed conduct by all Defendants, of harassment, abuse, false, misleading, unfair and deceptive acts and/or practices in attempting to collect a debt from the Plaintiff is in violation of numerous and multiple provisions of the FDCPA.

14. The Plaintiff has suffered actual damages as a result of this illegal communication and collection attempt by Defendant in the form of attorney's fees and costs, anger, anxiety, emotional distress, fear, frustration, upset, humiliation, and embarrassment, amongst other emotions.

## TRIAL BY JURY

16. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq*

17. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

18. The foregoing acts and omissions by Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above cited provisions of the FDCPA, **15 U.S.C. § 1692 et seq**., with respect to Plaintiff.

19. Defendant violated **15 U.S.C. § 1692c(a)(2)**.by sending a letter to the Plaintiff when the Defendant knew or should have known that Plaintiff was represented by counsel. Counsel did not consent, nor was counsel unresponsive to the Defendant.

5

## CLAIM FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant.

- For an award of actual damages pursuant to **15 U.S.C. § 1692k (a)(1)** against the Defendants in an amount to be determined at trial by a jury;

- For an award of statutory damages pursuant to **15 U.S.C. §1692k (a)(2)(A)** in the amount of One Thousand Dollars ($1,000.00) against the Defendants;

- For an award of costs of litigation and reasonable attorney's fees pursuant to **15 U.S.C. § 1692k (a)(3)** against the Defendants; and

- For such other and further relief as may be just and proper.

Dated this the _____ day of June 2020.

Respectfully submitted on behalf of,

**MICHELLE VOWELL**

*/s/ William M. Kaludis*
William M. Kaludis, Attorney for the Plaintiff
SHIELD LAW GROUP
BPR #017433
5115 Maryland Way, Suite 911
Brentwood TN 37027
Phone: (615) 742-8020
Fax: (615) 255-5988
bill@shieldlawgroup.com

6